IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                            No. CR 15-00125 KG/GJF
                                                                            No.CV 17-01103 KG

ROMAN ENRIQUE DELGADO-MONTOYA,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER CLOSING CIVIL CASE

THIS MATTER is before the Court on the *pro se* Motion Under 8 USC § 1326 filed by Defendant, Roman Enrique Delgado-Montoya, on November 7, 2017 (Doc. 110), on the "Motion to withdraw 'ALL' previously filed under Motion 8 U.S.C. § 1326" and motion for an extension of time filed December 18, 2016 (Doc. 114), and on Defendant's Motion Under 28 U.S.C. § 2255 filed December 18, 2017 (Doc. 116). The Court will grant the Motion to withdraw, deny an extension of time, and strike the § 2255 Motion as untimely.

Defendant Roman Enrique Delgado-Montoya filed his Motion Under 8 USC § 1326 on November 7, 2017. In his Motion Under 8 USC § 1326 Defendant asks to have his sentence "remanded for correction" and to "'vacate, set aside, or correct' his sentence and/or conviction." (Doc. 110 at 8, 12). However, Defendant may not challenge his conviction and sentence under 8 U.S.C. § 1326, but may only do so by a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) and (e); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255").

Therefore, on November 22, 2017, the Court gave Defendant notice that it intended to recharacterize his Motion Under 8 USC § 1326 as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 111). Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), the Court afforded him an opportunity to withdraw the motion or to amend it to add additional claims he may have. *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District. The Court advised Delgado-Montoya that, if he failed to timely amend or withdraw his Motion, then his Motion would be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h). (Doc. 111).

The twenty-one day deadline for Delgado-Montoya to withdraw or amend to add additional claims expired on December 13, 2017. On December 18, 2017, the Court received Delgado-Montoya's "Motion to withdraw 'ALL' previously filed under Motion 8 U.S.C. § 1326". In his Motion to withdraw, Delgado-Montoya seeks to withdraw "ALL" incorrect filings under Motion 8 U.S.C. § 1326 which includes a first motion filed on or about 11-6-2017, and a second motion filed on or about 11-24-2017[1]. (Doc. 114). Delgado-Montoya also seeks an extension of time to file a "Motion 28 U.S.C. § 2255" until January 2, 2018. (Doc. 114 at 1 at 2). The Motion to withdraw includes a Certificate of Service indicating it was placed in the prison mail system on the "4th day of December, 2017, A.D." by "placing said Motion/Petition(s) in a sealed, postage prepaid envelope addressed to: United States District Court District of New Mexico." (Doc. 114 at 5). Inconsistent with that certification, the Motion to Withdraw is accompanied by a transmittal letter dated "12-13-17." (Doc. 114 at 6).

---

[1] Although Delgado-Montoya references a "second motion filed on or about 11-24-2017" there is no such filing in the Court record.

Separate from the Motion to withdraw, the Court also received a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody from Delgado-Montoya on December 18, 2017. (Doc. 116). The § 2255 Motion states that it was "Executed (signed) on December 5, 2017" and was "placed in the prison mailing system on December 8, 2017." (Doc. 116 at 12). The accompanying transmittal letter is dated December 6, 2017, and the envelope bears a U.S. Postage Paid label dated December 15, 2017. (Doc. 116 at 14).

The Court determines that, based on the totality of the record, Delgado-Montoya's Motion to withdraw (Doc. 114) was timely mailed under the "prison mailbox rule" no later than December 13, 2017, and is considered to have been filed on that date. *See Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004). Therefore, the Court will grant his request to withdraw his Motion 8 U.S.C. § 1326 (Doc. 110) and will not construe the Motion 8 U.S.C. § 1326 as a first § 2255 motion. Defendant does not, however, present any reason other than his pro se status to support his request for an extension of time to January 2, 2017, to file an amended § 2255 motion. *See* Doc. 114 at 2). The Court will deny his request for an extension of time.

The § 2255 Motion received from Delgado-Montoya on December 18, 2017, (Doc. 116) contains a pre-printed statement that it was "placed in the prison mailing system." (Doc. 116 at 12). For purposes of § 2255 proceedings, the prison mailbox rule is set out in Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To obtain the benefit of the prison mailbox rule, the prisoner mandatorily must comply with the requirements of the rule. *See, e.g., United States v. Smith,* 182 F.3d 733, 734 n. 1 (10th Cir.1999).

Rule 3(d) states:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.

> If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Rule 3(d) provides that, for prisoners, timely filing through use of a prison mail system may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid. Even if the prisoner actually uses the prison's mail system and pays the postage, that use of the system will not trigger the mailbox rule if the mandatory declaration requirements of rule 3(d) are not satisfied. Instead, if the declaration does not meet the requirements of the Rule, the date of receipt by the court is the controlling filing date. *See Price v. Philpot,* 420 F.3d at 1165-67; *United States v. Ceballos–Martinez,* 387 F.3d at 1143-46; *Smith,* 182 F.3d at 734 n. 1.

The statement in Delgado-Montoya's § 2255 Motion does not state that first-class postage has been prepaid and does not meet the declaration requirements of Rule 3(d). Therefore, the date on which the § 2255 Motion was received by the Court, December 18, 2017, is the controlling filing date. The § 2255 Motion was filed after expiration of the Court's December 13, 2017, deadline and is untimely. Accordingly, the Court will strike the § 2255 Motion (Doc. 116).

IT IS ORDERED:

(1) The Court **GRANTS** Defendant Roman Enrique Delgado-Montoya's "Motion to withdraw 'ALL' previously filed under Motion 8 U.S.C. § 1326" (Doc. 114), and the Court does not construe the Motion 8 U.S.C. § 1326 (Doc. 110) as a first motion to vacate, set aside, or

correct sentence under 28 U.S.C. § 2255;

(2) The *pro se* Motion Under 8 USC § 1326 filed by Defendant, Roman Enrique Delgado-Montoya, on November 7, 2017 (Doc. 110) is **WITHDRAWN**;

(3) The Court **DENIES** Defendant's request for an extension of time to January 2, 2018, to file an amended motion under 28 U.S.C. § 2255 (Doc. 114);

(4) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed December 18, 2017, (Doc. 116) is **STRICKEN** as untimely; and

(5) Civil case no. CV 17-01103 KG is **CLOSED**.

_____
UNITED STATES DISTRICT JUDGE