IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             CR No. 15-125 KG

ROMAN ENRIQUE DELGADO-MONTOYA,

    Defendant.

## MEMORANDUM OPINON AND ORDER

This matter comes before the Court on Defendant's Motion for Compassionate Release, filed May 26, 2020. (Doc. 125). On June 8, 2020, counsel was appointed for Defendant. (Doc. 126). On July 9, 2020, Defendant's counsel filed a brief in support of Defendant's Motion for Compassionate Release. (Doc. 127). Defendant's counsel explains that Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because the COVID-19 pandemic poses an unreasonable risk of harm in federal prison. Pursuant to the Court's Order, (Doc. 128), on August 7, 2020, the Government filed a response to the Motion, (Doc. 132). On August 13, 2020, Defendant's counsel filed a reply to the Motion. (Doc. 134). Additionally, on August 20, 2020, the Government filed a Motion for Leave to File Surreply, (Doc. 135), and Defendant filed a response in opposition, (Doc. 136). Having carefully reviewed the record and applicable law, the Court grants the Motion to File Surreply, (Doc. 135), and denies the Motion for Compassionate Release, (Doc. 126).

I.     Background

On May 22, 2015, Defendant pled guilty to Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a) and (b). (Doc. 80). On October 27, 2015, the Court sentenced Defendant to 120 months imprisonment, followed by three years of unsupervised release. (Doc. 91). Defendant received a 16-level enhancement to his offense level based of a prior arson conviction. (Doc. 90); (Doc. 127) at 16 (arson of Defendant's ex-wife's dry cleaning building). Defendant is incarcerated at Reeves County Detention Center (Reeves) and is eligible for release on December 6, 2022. *See* https://www.bop.gov/inmateloc/ (site last visited August 18, 2020).

Defendant now seeks a reduction in his sentence because he is almost 59 years old and suffers from high cholesterol, so he argues he is at high risk of contracting COVID-19. (Doc. 127) at 1-2. Defendant states he made two requests for compassionate release to his warden in June, but he has not received a response. (Doc. 127) at 3; (Docs. 127-4, 127-5).[1] In support of his Motion, Defendant states he is physiologically 10 to 15 years older than his chronological age. *Id.* at 13; (Doc. 127-1) at 6 (affidavit of Brie William, M.D., stating "[P]risoners' physiological age *averages 10 to 15years older* than their chronological age.") (citations omitted). Defendant also argues that Reeves "has a notorious history of providing seriously deficient medical care to inmates" and the living conditions there provide additional risk to his health. (Doc. 127) at 2, 13-16. In an attached declaration, Defendant states he is unable to socially distance in the pod where he is housed with 49 other people, the showers are dirty, and he and the other occupants of the pod received only a single bottle of hand sanitizer months ago.

---

[1] Defendant explains he is not eligible for release to home confinement because he will be removed to Mexico at the conclusion of his incarceration. (Doc. 134) at 3.

*Id.* at 15; (Doc. 127-6).  He further states he has received only one mask, he receives a single small bar of soap every other week, there is no testing or checking for fever, and he has only limited access to fresh air.  *Id.*

Defendant also argues the relevant Section 3553(a) sentencing factors warrant a reduction in sentence because he was convicted of a nonviolent offense, his previous arson offense has since been vacated, and he has served more than 75% of his sentence.  (Doc. 127) at 16-17.  Defendant has taken classes towards obtaining his G.E.D., improving his parenting skills, and Bible studies.  *Id.* at 17; (Doc. 127-7) (certificates of completion).  When released, Defendant will be deported to Mexico where he plans to live with his mother-in-law and 10-year-old daughter.  Defendant's mother-in-law, Aurelia Guevara Zayago, provided a statement that her daughter (Defendant's wife and mother of their child), passed away in 2016, and that Ms. Zayago has high blood pressure and diabetes, and she worries who will care for her granddaughter if she passes away.  (Doc. 127) at 17-18; (Doc. 127-9).

In response, the Government states that Reeves County Detention Center has no record of receiving a compassionate release request from Defendant, so the Government asks the Court to deny the motion without prejudice.  (Doc. 132) at 6; 8-17.  The Government notes that Defendant's medical records reflect that he has vision problems and hyperlipidemia (high cholesterol) and is classified as a Care Level 2 inmate meaning he is a stable outpatient requiring clinician evaluations every one to six months.  *Id.* at 6; (Docs. 132-3, 132-4).  The Government states Defendant has no history of disciplinary violations during his term of imprisonment.  (Doc. 132) at 6. Nevertheless, the Government opposes his early release because he has not established "extraordinary and compelling reasons" for a sentence reduction and has not shown a

3

reduction is warranted in light of the danger he poses to the community and under the relevant Section 3553(a) factors. *Id.* at 17-22.

## II. Discussion

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ." 18 U.S.C. § 3582(c)(1)(A).

Aside from allowing prisoners to bring a motion directly, the First Step Act did not change the standards for compassionate release. Relief is available where the sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical

4

Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons."  U.S.S.G. § 1B1.13, cmt. n.1.

Some courts have found "extraordinary and compelling reasons" to justify compassionate release where the defendant's serious underlying health conditions place him at high risk of infection and death from COVID-19.  *See United States v. McCarthy*, 2020 WL 1698732, at *5 (D. Conn.) (collecting cases involving asthma, diabetes, and compromised immune systems); *United States v. Jenkins*, 2020 WL 2466911, at *6 (D. Colo.) (releasing inmate based on age and stroke risk); *United States v. Lopez*, 2020 WL 2489746, at *3 (D.N.M.) (analyzing release based on age, blood pressure, and diabetes).  However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Nwankwo,* 2020 WL 2490044, at *1 (S.D.N.Y.) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

   A. *Exhaustion of Administrative Remedies*

Pursuant to 18 U.S.C. § 3582(c)(1)(a), a defendant must first request that the BOP file a compassionate release motion on his or her behalf.  A court may grant a defendant's motion for compassionate release only after the defendant has fully exhausted all administrative remedies from such a request, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  *Id.*  Here, Defendant's counsel submitted a copy of a request for compassionate release based on COVID-19 that Defendant sent to his warden, but the date is illegible.  (Doc. 127-5).  Counsel explains the request was made prior to counsel's appointment

5

in June 2020 and he obtained a copy of the request from the prison, demonstrating the warden received the request. (Doc. 127) at 6. Defendant's counsel made a second request for compassionate release via an email sent to the BOP and Reeves on June 18, 2020. (Doc. 127-4).

The Government argues in its Motion to File Surreply that Defendant's counsel's June 18, 2020, request was sent to the wrong email addresses. (Doc. 135). The Government states the email contained a typo for one of the BOP email addresses, and explains Reeves is a private facility, so the BOP division to which the email was sent "does not provide oversight for the Reeves County Facility." *Id.* at 2. Additionally, the Government states a third email address to which the email was sent was for a case manager at Reeves, and argues "[c]ase managers cannot handle compassionate release requests" so these requests should be directed to the warden's office. *Id.* Defendant's counsel opposes the Motion to File Surreply because the motion does not provide any new information, and because Defendant himself requested compassionate release from the warden before counsel sent the email on June 18, 2020, and Defendant's request has not been responded to in over 30 days. (Doc. 136); (Doc. 136-1).

First, the Court will grant the Government's Motion to File Surreply because it points out problems with Defendant's counsel's email requesting compassionate release that were not addressed in the Government's response brief. Second, the Court finds that Defendant has sufficiently demonstrated he exhausted his administrative remedies. Even if his counsel's email did not reach the proper BOP or Reeves email addresses, Defendant's *pro se* request was received by the warden more than 30 days ago, which is all that is required by § 3582(c)(1)(A). *See* § 3582(c)(1)(a) (explaining exhaustion under First Step Act occurs after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). Nevertheless,

6

Defendant may continue to pursue administrative relief through the warden and BOP, especially since it appears his earlier requests were not adequately addressed.

    B. *Extraordinary and Compelling Circumstances*

Next, the Court considers whether Defendant has demonstrated sufficiently "extraordinary and compelling" circumstances to justify compassionate release. Defendant argues his medical condition justifies compassionate release because of his age and high cholesterol. (Doc. 127) at 1-2. However, to find "extraordinary and compelling reasons" for a sentence reduction based on a defendant's medical condition, the defendant must be "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," or a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1, (A)(i)-(ii). Defendant does not allege or provide evidence of such serious health conditions or that he is at a significantly higher risk of infection and death from COVID-19. Indeed, as a Care Level 2 inmate, Defendant is considered able to manage his conditions through routine, regularly scheduled appointments with clinicians for monitoring. While Defendant alleges Reeves is failing to take appropriate safety measures, he does not allege that Reeves has a substantial outbreak of COVID-19. *See* (Doc. 134) at 4 (stating as of August 11, 2020, Reeves had 2 confirmed COVID-19 cases). Accordingly, the Court cannot find "extraordinary and compelling reasons" to justify release. *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *Nwankwo,* 2020

WL 2490044, at *1 (explaining "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

The Court notes Defendant's progress towards his G.E.D., his completion of additional programs, and his exemplary prison record.  The Court commends Defendant and encourages him to continue to take steps that will improve his chances of success upon his release.  However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for purposes of compassionate release.  28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, app. n. 3.  In addition, Defendant's mother-in-law's request for support for her and Defendant's daughter does not qualify Defendant for release based on family circumstances.  The Guidelines provide that a defendant may qualify for a reduction in sentence based on family circumstances in certain situations where the defendant is needed to care for a spouse, partner, or child.  U.S.S.G. § 1B1.13, cmt. n.1, (C).  The Guidelines also provide that a defendant may qualify for a reduction for "other reasons."  U.S.S.G. § 1B1.13, cmt. n.1, (1)(D).  Nevertheless, while the Sentencing Guidelines are advisory and this Court is sympathetic, Ms. Zayago does not state that she is unable to care for Defendant's daughter, and Defendant has failed to establish additional care is needed or that other reasonable options are unavailable to assist Ms. Zayago and his daughter.  *See United States v. Crandle*, 2020 WL 2188865, at *3, n.27 (M.D. La.) (gathering cases finding caring for elderly parents not sufficient to show "extraordinary and compelling" circumstances for release).

For the foregoing reasons, the Court finds Defendant's Motion for Compassionate Release fails to allege extraordinary and compelling reasons justifying a release.  The Court will,

8

therefore, deny the Motion without reaching the factors addressing community safety and Section 3553(a).

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. 125) is denied.

_____
UNITED STATES DISTRICT JUDGE